IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL MARSHALL GAFFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:10cv497-WC |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

**I.     INTRODUCTION**

Plaintiff Daniel Marshall Gafford protectively applied for child insurance benefits, 42 U.S.C. §§ 402 *et seq,* and supplemental security income, 42 U.S.C. §§ 1381 *et seq.* His applications were denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge (ALJ). Following the hearing, the ALJ issued a decision in which he found Plaintiff not disabled from the alleged onset date through the date of the decision. The Appeals Council rejected Plaintiff's request for review of the ALJ's decision. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g).

---

[1] Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. Pl.'s Consent to Jurisdiction (Doc. #17); Def.'s Consent to Jurisdiction (Doc. #17). Based on the Court's review of the record and the briefs of the parties, the Court AFFIRMS the decision of the Commissioner.

## II.   STANDARD OF REVIEW

An applicant for childhood disability benefits ("CDB") has the burden of proving their eligibility by establishing several factors. First, the applicant must prove they are under a disability, as defined by § 216(I) and § 223(d) of the Social Security Act. 42 U.S.C. § 402(d)(1). Second, the applicant must be a child of the wage earner under whose insurance they are applying. *Id*. The applicant must be under the age of 18, or under a disability before they reach the age of 22. 42 U.S.C. § 402(d)(1)(B). Finally, the applicant must prove they were dependent on the wage earner under whose insurance they are claiming. 20 C.F.R. § 404.350.

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person is unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

[3] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d

---

[4] *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

### III. ADMINISTRATIVE PROCEEDINGS

Claimant had not attained the age of 22 as of August 15, 1998, the alleged onset date and had completed 11 years of education at the time of his application. Tr. 10. Claimant had no past relevant work experience. *Id*. Following the administrative hearing, and employing the five-step process, the ALJ found Claimant had not engaged in substantial gainful activity since the alleged onset date. *Id*. At Step 2, the ALJ found that Claimant suffers from the following severe impairments: "borderline intellectual functioning; schizoaffective disorder; social phobia; malingering; and learning disability." *Id*. The ALJ then found that Claimant "does not have an impairment or combination of impairments that meets or medically equals

one of the listed impairments . . . ." (Step 3) *Id*. Next, the ALJ found that Claimant

> has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(b) and 416.967(b). He has borderline to low average intellectual functioning. He is able to occasionally lift and carry 50 pounds and frequently lift and carry 25 pounds. He is able to perform simple, unskilled, repetitive routine, low stress work. He is restricted from responsible or regular general public contact, any that occurs must be brief and superficial, in other words a low social environment. He should work primarily alone with work that requires little independent judgment, routine changes, no multiple or rapid changes.

Tr. 11. The ALJ then found that Claimant has no past relevant work. (Step 4) Tr. 18. The ALJ next found that, "[c]onsidering the claimant's age, education, work experience, and [RFC]," and after consulting with a vocational expert, "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id*. The ALJ identified the following occupations as examples: "hand sander," "bottle line attendant," and "janitor/cleaner." *Id*. Accordingly, the ALJ determined that Claimant "has not been under a disability . . . from August 15, 1998, through the date of this decision." *Id*.

### IV.    PLAINTIFF'S CLAIMS

Plaintiff presents one claim for this court's review: whether the decision of the administrative law judge is supported by substantial evidence.

### V.    DISCUSSION

Plaintiff divides his global claim that the ALJ's decision is not supported by substantial evidence with a series of disjointed paragraphs that this court can only guess are

6

to be taken as individual claims within the larger claim. This, as the Commissioner points out, does not comply with the undersigned's order of June 15, 2010, which required Plaintiff to specifically set forth his claims individually and advised that "general statements of issues such as 'the ALJ's decision is not supported by substantial evidence' will not be considered by the court. Order (Doc. #4) n.2. The Order requires Plaintiff to clearly set forth his claims and cite to the record because it is Plaintiff's burden to establish his disability and the court will not engage in legal guesswork as to what Plaintiff intends.

A read through the first paragraph in Plaintiff's argument section illustrates the necessity for these rules. Plaintiff starts off by informing the court that the ALJ relied on Dr. Brantley "to conclude the claimant is malingering." Pl.'s Brief (Doc. #11) at 2. Plaintiff then states that at the hearing before the ALJ, Plaintiff's representative pointed out that Dr. Brantley was the "only person who suspects the plaintiff of 'faking,'" and that Plaintiff has previously stated that he would like to work, he has been honest, and has not exaggerated his symptoms. *Id*. The very next sentence reads: "There is no mention of possible malingering in his treatment records and the treating source whose opinion should be given greater weight because of the linear and continuous treatment relationship gives marked limitations in two functioning categories important to work." *Id*. There is no mention of what legal standard the ALJ is alleged to have violated, no citation to the record of Plaintiff's testimony regarding his own abilities and why that should have changed the ALJ's determination, or any reference to the treating source "whose opinion should be given greater weight" and

why.  In response, the Commissioner posits that Plaintiff is referring to "nurse practitioner Lisenby" and argues the ALJ was free to reject Lisenby's opinion and that substantial evidence in the record supports the ALJ's reliance on Dr. Brantley.[5]  *See* Def.'s Brief (Doc. #19) at 7.  The undersigned appreciates the Commissioner's effort. However the court will not engage in such guesswork.

In Plaintiff's next paragraph he appears to attack the ALJ's reliance on Dr. Sack, stating that her opinion was contradictory and inconsistent.  First he points to Dr. Sack's testimony that Plaintiff be given "an 'extended period of training' and then is qualified to work in the 'low social environment' (R.40)."  Pl.'s Brief (Doc. #11) at 2.  He then sets forth what he believes is an inconsistency in Dr. Sack's testimony:

> "But [Dr. Sack] later states the claimant's symptoms:
>
> Q: So they would be moderate now and they would be moderate after a month of training?
>
> A: Yes"

*Id*.  Plaintiff concludes that "[t]he expert was so concerned she might give some degree of testing that would be favorable to the plaintiff that she decided to contradict herself as to the need for training." *Id*.  The court is not exactly sure why these statements are inconsistent,

---

[5] The evidence of record relied on by the Commissioner includes Dr. Sack's agreement with Dr. Brantley's assessment of malingering, Dr. Sack's opinion of Plaintiff's limitations, the wide variance of Plaintiff's IQ scores, and Plaintiff's treatment notes.  *See* Def.'s Brief (Doc. #19) at 7-9.

especially in light of Dr. Sack's testimony immediately following the above quote, wherein she explains that after completion of the training, Plaintiff would "have less anxiety and cope better," he would be able to manage his symptoms better and change his comfort level in work situations. Tr. 44.  Importantly, other than a blanket declaration regarding his limitations and his ability to work, Plaintiff never explains why his limitation would preclude him from work.

Plaintiff then closes his brief by quoting some of the VE's testimony and a case regarding the ALJ's duty to articulate his reasoning for crediting the opinions of examining physicians over treating physicians.  Pl.'s Brief (Doc. #11) at 3.  Plaintiff sets forth no arguments as to these possible issues.

Despite the deficiencies in Plaintiff's brief, the court has conducted a full review of the record in this case and determines that the ALJ's decision is supported by substantial evidence.

## VI. CONCLUSION

The Court has carefully and independently reviewed the record and concludes that, for the reasons given above, the decision of the Commissioner is supported by substantial evidence and is AFFIRMED.  A separate judgment will issue.

DONE this 28th day of July, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE